FILE COPY

ENDORSED
2011 APR 25 A 10 07
[stamp] L. Kontorovsky

DAN SIEGEL, SBN 56400
VYLMA ORTIZ, SBN 188298
SIEGEL & YEE
499 14th Street, Suite 220
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698

Attorneys for Plaintiff
MARTIN SCHULTER

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| MARTIN SCHULTER,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, Dr. JASON LAKER, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. **111CV199590**<br><br>VERIFIED COMPLAINT FOR DAMAGES<br><br>(Employment) |

Comes now plaintiff MARTIN SCHULTER and alleges the following:

**PRELIMINARY STATEMENT**

Plaintiff MARTIN SCHULTER, a former employee of SAN JOSE STATE UNIVERSITY, brings this action for discrimination on the basis of his disability, failure to prevent discrimination, and retaliation against the BOARD OF TRUSTEES OF THE

*Schulter v. Board of Trustees*, No.
Verified Complaint for Damages - 1

CALIFORNIA STATE UNIVERSITY and for violation of his due process rights under 42 U.S.C. §1983 against Dr. Jason Laker, sued in his individual capacity, and DOES 1 through 10, inclusive. In October of 2010, San Jose State University abruptly terminated Mr. Schulter as Director of the Disability Resource Center. Mr. Schulter had worked for the University for 28 years.

## JURISDICTION AND VENUE

1. Plaintiff's claims arise under California statutes and 42 U.S.C. § 1983.

2. The actions giving rise to this lawsuit occurred in the County of Santa Clara.

## PARTIES

3. Plaintiff MARTIN SCHULTER was employed at San Jose State University (SJSU) by the BOARD OF TRUSTEES OF CALIFORNIA STATE UNIVERSITY from on or about April 1982 to on or about October 2010. Plaintiff is a disabled person and has been confined to a wheelchair for most of his adult life.

4. Defendant BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY (CSU) was and is a California public entity and the duly empowered governing authority for the CSU system, including SJSU. CSU is an employer within the meaning of Government Code §§ 11000 and 12916(c).

5. Defendant Dr. JASON LAKER was and is the Vice President of Student Affairs at San Jose State University and is sued in his individual capacity

6. Plaintiff is unaware of the true names and capacities of the defendants sued herein as Does 1 through 10, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each said

*Schulter v. Board of Trustees*, No.
Verified Complaint for Damages - 2

Doe defendant is a resident of the State of California. Plaintiff will seek leave of the Court to amend this complaint when the true names of these defendants have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all relevant times all of the defendants, including those identified herein as Does 1 through 10, inclusive, were the servants, employees, co-conspirators and/or agents of each and every other defendant and that in doing the acts alleged herein, each defendant was acting within the course and scope and authority of such employment, servitude, conspiracy and/or agency, with the full knowledge, consent and/or ratification of each and every other defendant.

## STATEMENT OF FACTS

8. Mr. Schulter was born with a disability and has been confined to a wheelchair for most of his adult life. He has a Bachelor of Arts degree from the City University of New York, Brooklyn College; a Masters Degree in Counseling from Long Island University and approximately 40 units towards a Masters in Public Administration, Health Emphasis, from New York University.

9. In 1982, Martin Schulter was hired by San Jose State University as Director of Disability Programs for the University.

10. When Mr. Schulter began his career at SJSU, the disability program served approximately 65 students and had just three employees. Under his leadership and direction the program grew to become the Disability Resource Center (DRC) serving hundreds of students each year as well as 250 University employees with disabilities.

11. Mr. Schulter, in addition to his duties as director of the Center, also served as the University's Americans with Disability Act (ADA) compliance officer and in the early

1990's, was also named Director of the Employee Accommodations Resource Center (EARC).

12. Mr. Schulter was employed by the University when the ADA was first passed in 1990 and has played an integral part in ensuring the University's compliance with the Act.

13. The DRC works with almost every department and program in the University. It includes services and programs for the deaf and hard of hearing, for the blind and visually impaired, and for those physically disabled. Its program also includes services for students with learning disabilities.

14. Throughout his 28 years at SJSU, Mr. Schulter straddled a fine line between his role as an advocate for students and employees with disabilities and his role in management for the University.

15. Mr. Schulter worked with all levels of the University community, from students to faculty, to serving on various committees and programs. Sometimes he worked directly with the President of SJSU on special disability related committees and projects.

16. His advocacy often led to battles within the SJSU administration and faculty in his quest for disability equity and access for all students at SJSU. He was never disrespectful and never refused to follow protocol in pursuing his objectives.

17. In June 2010, Mr. Schulter was given an MPP (Management Personnel Plan)/Confidential Performance Review. Mr. Schulter's overall performance was rated at E (Exceptional Level of Performance). It is undisputed that Mr. Schulter regularly met and/or succeeded his employer's expectations. The June 2010 review acknowledged that the 09/10 academic year was a particularly challenging one given the furloughs and budget cuts that the DRC and the University at large were experiencing.

18. Despite budget cuts and other challenges, Mr. Schulter was commended in his last review for meeting ADA compliance. His work with the Academic Review Board (ARB) was praised for developing an emergency evacuation plan for people with disabilities and for the creation of the first ever comprehensive map of the University to include disability access and emergency evacuation routes.

19. During the summer of 2010, SJSU hired Dr. Jason Laker as Vice President of Student Affairs.

20. In September 2010, Mr. Schulter had his first one on one meeting with Dr. Laker. In that meeting Mr. Schulter detailed the present budget and status of the DRC, gave an update on the University's ADA compliance, and detailed his grave concerns regarding the failure of the SJSU campus to implement a "Presidential Council on Disabilities" which had been called for in the University President's Master Plan on Diversity.

21. Dr. Laker dismissed Mr. Schulter's concerns by responding that if "no one has complained than why should we care about it"?

22. On or about October 2010, Dr. Laker handed Mr. Schulter a letter with the subject line "Notice of Non-Retention". It stated that he would no longer be retained as a University employee.

23. Assistant Vice President for Student Affairs Sharon Willey immediately confiscated Mr. Schulter's keys, University identification, and SJSU parking permit. She apologized repeatedly as she handed Mr. Schulter a check and escorted him out of the building to the parking lot.

24. Mr. Schulter was not allowed to return to his office, speak to his staff or even say goodbye to or call anyone.

*Schulter v. Board of Trustees*, No.
Verified Complaint for Damages - 5

25. Mr. Schulter was just two years shy of completing three decades of commitment to SJSU, a place that he admired and for which he worked for the bulk of his adult career.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

26. On or about October 12, 2010, Mr. Schulter filed a complaint of discrimination based on physical disability and retaliation for his advocacy on behalf of the disabled regarding the matters alleged above with the California Department of Fair Employment and Housing (DFEH).

27. On October 26, 2010, the DFEH issued to Mr. Schulter a notice of his right to sue within one year with respect to the DFEH complaint filed on October 12, 2010.

## FIRST CLAIM FOR RELIEF: DISABILITY DISCRIMINATION
(Against Board of Trustees of the CSU)

28. Mr. Schulter realleges and fully incorporates herein paragraphs 1 through 27, above.

29. By virtue of the foregoing, defendant SJSU was motivated by Mr. Schulter's disability when it terminated his employment, despite Mr. Schulter's ability to perform his essential job duties, in violation of his right to be free from discrimination on the basis of his disability under the California Fair Employment and Housing Act, Government Code §§12940, et seq.

## SECOND CLAIM FOR RELIEF: RETALIATION
(Against Board of Trustees of the CSU)

30. Mr. Schulter realleges and fully incorporates herein paragraphs 1 through 29, above.

31. By virtue of the foregoing, defendant CSU was substantially motivated by Mr. Schulter's advocacy on behalf of disabled students and employees when it abruptly deprived him of the duties and responsibilities of his job, despite Mr. Schulter's ability to perform his essential job duties and in violation of his right to be free from retaliation the basis of his advocacy in violation of the California Fair Employment and Housing Act, Government Code §§12940, et seq.

**THIRD CLAIM FOR RELIEF: FAILURE TO PREVENT DISCRIMINATION**
(Against Board of Trustees of the CSU)

32. Mr. Schulter realleges and fully incorporates herein paragraphs 1 through 31, above.

33. By virtue of the foregoing, defendant CSU failed to take reasonable steps to prevent SJSU employees from discriminating against Mr. Schulter because of his disability and his disability advocacy, causing Mr. Schulter to suffer termination in violation of his right to be free from discrimination on the basis of his disability and retaliation for his advocacy in violation of the California Fair Employment and Housing Act, Government Code §§12940, et seq.

**FOURTH CLAIM FOR RELIEF: VIOLATION OF DUE PROCESS**
(Against Defendant Dr. Jason Laker)

34. Mr. Schulter realleges and fully incorporates herein paragraphs 1 through 33 above.

*Schulter v. Board of Trustees*, No.
Verified Complaint for Damages - 7

35. By virtue of the foregoing, Mr. Schulter had developed a property interest in his employment such that Dr. Laker's termination of Mr. Schulter's employment with the University without due process of law violated Mr. Schulter's rights under the due process clause of the fourteenth Amendment to the United States Constitution.

## DAMAGES

36. As a result of the actions of defendants, Mr. Schulter has been injured and has suffered damages as follows:

   a. He has lost compensation to which he has been entitled and will lose such compensation in the future;

   b. He has suffered from emotional distress, embarrassment and humiliation, and has suffered damage to his professional reputation and standing;

   c. His prospects for future employment and career advancement have been greatly diminished.

## PUNITIVE DAMAGES

37. In taking the actions alleged above, defendant Dr. Jason Laker acted willfully, intentionally, and maliciously in terminating Mr. Schulter without lawful justification and because of Mr. Schulter's disability and his disability advocacy. Accordingly, plaintiff Mr. Schulter is entitled to punitive damages against Dr. Laker in this action.

WHEREFORE, plaintiff MARTIN SCHULTER prays for judgment against defendants on each of the aforementioned claims. Plaintiff requests this Court grant him relief as follows:

1. Damages for lost wages, earnings, and benefits according to proof;

2. Interest on damages at the prevailing legal rate;

3. Compensatory damages for injury, humiliation, mental anguish and emotional distress;

4. Punitive damages, according to proof;

5. Attorneys' fees;

6. Costs of suit; and;

7. Such other and further relief as the Court may deem proper.

Dated: April 19, 2011

SIEGEL & YEE

By _____
VYLMA ORTIZ

Attorneys for Plaintiff
MARTIN SCHULTER

**VERIFICATION**

I, MARTIN SCHULTER, declare as follows:

I am the plaintiff in the above-entitled case. I have read the foregoing complaint and know the contents thereof. The same is true except where its allegations are stated on information and belief, and as to such matters I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on the 18st day of April 2011, at San Jose, California.

_____
Martin Schulter

*Schulter v. Board of Trustees*, No.
Verified Complaint for Damages - 10